**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: EQUINOR OIL AND GAS ROYALTY
PAYMENT LITIGATION                                    MDL No. 2889

**ORDER DENYING TRANSFER**

**Before the Panel:** Common defendants Equinor Texas Onshore Properties LLC, Equinor Pipelines, LLC, and Equinor US Operations LLC (collectively Equinor) move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Southern District of Texas. The litigation consists of five actions – four actions in the Southern District of Texas and one action in the Western District of Texas, as listed on the attached Schedule A. Plaintiffs in the five actions oppose the motion.

On the basis of the papers filed and the hearing held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation. The actions share certain factual issues arising from plaintiffs' allegations that Equinor used an improper methodology to calculate and pay plaintiffs contractually-owed oil and gas royalties from various wells located in the Eagle Ford, Texas, area. Plaintiffs contend that Equinor (1) commingled gross oil and gas production from wells of different ownership, and then failed to properly allocate to each royalty owner his or her share of production, and (2) improperly reduced gross production volumes of "condensate"[1] from plaintiffs' wells in estimating net sales of condensate and making royalty payments. But there are only five actions pending in two adjacent Texas districts. Pretrial proceedings in the four Southern District of Texas actions already are being coordinated before the same magistrate judge. In all actions, plaintiffs are represented by The Ferguson Law Firm, LLP, and Equinor is represented by Beck Redden LLP. Additionally, plaintiffs represent that they are amenable to cooperating to avoid duplicative pretrial activity (*e.g.*, filing notices of depositions in all actions, and agreeing that discovery obtained in one action will be usable in all actions). Given these circumstances, we conclude that Section 1407 centralization is not warranted.

---

[1]     According to plaintiffs, much of Eagle Ford shale production is "condensate," a lighter grade of crude oil that requires certain types of processing in order to be rendered marketable.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.


PANEL ON MULTIDISTRICT LITIGATION


_Sarah Vance_

Sarah S. Vance
Chair


Lewis A. Kaplan                    Ellen Segal Huvelle
R. David Proctor                   Catherine D. Perry
Karen K. Caldwell                  Nathaniel M. Gorton

**IN RE: EQUINOR OIL AND GAS ROYALTY
PAYMENT LITIGATION**                                          MDL No. 2889

**SCHEDULE A**

Southern District of Texas

GILLESPIE v. EQUINOR TEXAS ONSHORE PROPERTIES LLC, ET. AL.,
    C.A. No. 5:18-00092
GILLESPIE v. EQUINOR PIPELINES LLC, ET AL., C.A. No. 5:18-00094
O'BRIEN v. EQUINOR PIPELINES LLC, ET AL., C.A. No. 5:18-00125
JOHNSTON v. EQUINOR PIPELINES LLC, ET AL., C.A. No. 5:18-00126

Western District of Texas

NEWBERRY, ET AL. v. EQUINOR TEXAS ONSHORE PROPERTIES, LLC, ET AL.,
    C.A. No. 5:18-00866